## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARCUS W. GLOVER, Individually and as** | **:** | |
|    **Son and Co-Personal Representative of the** | | |
|    **Estate of CAROL INMAN GLOVER, Deceased** | **:** | |
| **6372 Eighth Circle** | | |
| **Alexandria, VA 22312** | **:** | |
| | | |
|      **and** | **:** | |
| | | |
| **ANTHONY R. GLOVER, II, Individually and as** | **:** | |
|    **Son and Co-Personal Representative of the** | | |
|    **Estate of CAROL INMAN GLOVER, Deceased** | **:** | |
| **2805A Quay Loop** | | |
| **Holloman AFB, NM 88330** | **:** | |
| | | |
|       **Plaintiffs,** | **:** | |
| | | |
|    **v.** | **:** | **Case No.** |
| | | |
| **WASHINGTON METROPOLITAN AREA** | **:** | |
|    **TRANSIT AUTHORITY (a/k/a "WMATA")** | | |
| **600 Fifth Street NW** | **:** | |
| **Washington, DC 20001** | | |
| | **:** | |
| **Serve:**    **Carol O'Keeffe, Esquire** | | |
|          **General Counsel's Office** | **:** | |
|          **WMATA** | | |
|          **600 Fifth Street NW** | **:** | |
|          **Washington, DC 20001** | | |
| | **:** | |
|      **Defendant.** | | |
| | **:** | |

## COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL RIGHTS
### (Metro Subway Passenger Killed by Smoke Inhalation)

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## JURISDICTION AND VENUE

1.      Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to WMATRC Article XVI § 81, codified in District of Columbia law as D.C. Code Ann. § 9-1107.10.

2.      Venue in this Court is proper as the negligent acts and/or omissions committed by Defendant occurred in the District of Columbia, and the death of the decedent occurred in the District of Columbia.

## PARTIES

3.      At all times relevant herein, the decedent, Carol Inman Glover, was an adult citizen and resident of the Commonwealth of Virginia.

4.      Plaintiff Marcus W. Glover is the son of the decedent.  He is and was at all times relevant herein an adult citizen and resident of the Commonwealth of Virginia.

5.      Plaintiff Anthony R. Glover is the son of the decedent.  He is and was at all times relevant herein an adult citizen and resident of the State of New Mexico.

6.      On January 22, 2015, plaintiffs Marcus W. Glover and Anthony R. Glover were duly qualified as Administrators of the estate of their deceased mother, Carol Inman Glover, by the Circuit Court of the City of Alexandria, Virginia (Fiduciary No. CW15001020).

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

7.     At all times relevant herein, Defendant WMATA was the owner of the Metro subway system being operated by its employees, who were acting within the course and scope of their employment and/or agency with WMATA.

8.     Defendant Washington Metropolitan Area Transit Authority ("WMATA") was created when Congress approved the Washington Metropolitan Area Transit Authority Compact ("WMATA Compact"), D.C. Code §§ 9-1107.01 *et seq*., which was signed by the District of Columbia, Maryland, and Virginia.

9.     By the terms of the WMATA Compact that created it, WMATA is liable for its negligent acts and/or omissions and those of its Directors, officers, employees, and agents committed in the conduct of any proprietary function.   D.C. Code § 9-1107.01(80).

10.     The provision of mass transportation is a proprietary function within the meaning of the WMATA Compact.

## FACTS

11.     On the afternoon of January 12, 2015, Ms. Glover is a passenger on WMATA Train 302, a six-car train traveling on the Yellow line toward Huntington, Virginia, with over two hundred passengers on board.

12.     At approximately 3:15 p.m., several hundred feet after having left the L'Enfant Plaza station, Train 302 encounters dense smoke in the tunnel and comes to an abrupt halt.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 3 -

13.     Upon information and belief, a circuit breaker had tripped on the third rail (the conductor running alongside the train tracks that supplies high-voltage electric power to Metro trains) of that section of track approximately ten minutes beforehand, but it went uninvestigated by WMATA.

14.     Train 302 becomes disabled in the tunnel, without power and illuminated by emergency lighting only.

15.     Passengers on Train 302 are instructed to remain calm, to stay on the train, and to keep the doors closed, since they will be returning to the L'Enfant Plaza station in short order.  These instructions are to be repeated throughout the passengers' ordeal.

16.     At approximately 3:16 p.m., WMATA Operations Control Center attempts to activate ventilation fans to evacuate the smoke from the relevant section of tunnel. Upon information and belief, the fans fail to achieve their objective due to their failure to activate, their activation in the wrong direction, or some other cause.

17.     According to the National Transportation Safety Board's Preliminary Report on the incident,[1] released January 16, 2015, the smoke in the tunnel was caused by "severe electrical arcing" from the third rail approximately 1,100 feet ahead of where Train 302 stopped.  Photos taken by NTSB investigators reveal the severity of the damage done by the arcing:

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

---

[1] NATIONAL TRANSPORTATION SAFETY BOARD, *Preliminary Report: WMATA Smoke and Electrical Arcing Accident in Washington, DC*, Jan. 16, 2015, http://www.ntsb.gov/investigations/AccidentReports/Pages/DCA15FR004_preliminary.aspx.

 

18.    At approximately 3:18 p.m., the District of Columbia Office of Unified Communications ("OUC") receives a 911 call from a construction worker reporting smoke emanating from a Metro ventilation shaft located at 9th Street and Maine Avenue SW, roughly a half-mile south of the train's location.

19.    At approximately 3:22 p.m., OUC receives a 911 call from WMATA Supervisor of Metro Rail Unit 22 reporting heavy smoke in the L'Enfant Plaza station.

20.    At approximately 3:25 p.m., the train traveling just behind Train 302 on the same route arrives at the L'Enfant Plaza station, encounters smoke, and stops roughly 100 feet short of the southern end of the platform.

21.    At approximately 3:28 p.m., OUC dispatches a "Metro Station Box Alarm," which, in compliance with District of Columbia Fire and Emergency Medical Services Department ("FEMS") protocol, includes the following units: (a) 5 Engine Companies; (b) 2 Ladder Trucks; (c) 2 Battalion Fire Chiefs; (d) 1 Battalion Fire Chief to WMATA Operations Command Center ("OCC") in Landover, MD; (e) 1 Heavy Rescue Squad; (f) 1 Basic Life Support Unit; (g) 1 Advanced Life Support Unit; and (h) 1 EMS Supervisor.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

22.     At approximately 3:31 p.m., the first FEMS responders arrive on-scene at the L'Enfant Plaza station.  From the beginning, their efforts are hampered by the fact that WMATA has not updated its signal-boosting and signal-relaying equipment to ensure compatibility with new FEMS standards.  Upon information and belief, FEMS had notified WMATA of this problem in the L'Enfant Plaza station at least as early as January 8, 2015.

23.     At approximately 3:33 p.m., OUC receives the first of several 911 calls from frightened passengers on smoke-filled Train 302.

24.     Not until approximately 3:44 p.m. does WMATA confirm to FEMS that electricity to the relevant sections of the third rail has been shut off in order to allow the FEMS crews to safely access Train 302.

25.     Not until approximately 4:00 p.m. are the passengers in Ms. Glover's car evacuated from Train 302.

26.     Over the course of the approximately forty-five minutes throughout which Ms. Glover was trapped in the smoke-filled train, she experienced severe difficulty breathing, eventually losing consciousness.

27.     Despite the valiant and persistent resuscitative efforts of both her fellow passengers and the FEMS crews, by the time the FEMS crews had carried her out of the L'Enfant Plaza station, she no longer had a detectable pulse.  Ms. Glover was declared dead later that afternoon.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

28.    Of the other passengers who had been trapped on Train 302, an additional eighty-four required hospitalization as a result of their injuries.

**COUNT I**
**(Negligence: Survival Action)**

29.    Plaintiffs incorporate, by reference, paragraphs 1 through 28, above, and further allege that this claim arises under the District of Columbia Survival Statute, D.C. Code § 12-101.

30.    Plaintiffs further allege that at all times relevant herein, WMATA's trains, railroad operations, tunnels, tracks, and adjoining railroad tracks (the "subway property") were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled, and supervised by WMATA.

31.    Plaintiffs further allege that on January 12, 2015, and prior thereto, Defendant WMATA was responsible for maintaining and ensuring the safe use and proper condition of the railroad operations and property, including locomotives, trains, signs, signal, switches, safety devices, communication devices, and other equipment at and along the subway property, and for properly and safely managing, overseeing, and coordinating the travel of railroad trains upon and along said property.

32.    At all times mentioned herein, Defendant WMATA, as a common carrier, owed a duty of reasonable care to its passengers, including Ms. Glover.

33.    Plaintiffs further allege that Defendant WMATA breached this duty in some or all of the following ways:

a.  By failing to properly inspect and maintain the third rail running through the relevant section of tunnel;

b.  By failing to properly inspect and maintain the ventilation system for the relevant section of tunnel;

c.  By failing to properly train its agents, servants, and/or employees in the proper activation and use of the ventilation system in the event of a fire or smoke emergency;

d.  By failing to calibrate its radio equipment to be compatible with that of FEMS despite having clear notice of its non-compliance;

e.  By failing to equip its trains, specifically Train 302, with safety equipment adequate for emergencies of this nature;

f.  By failing to adequately investigate the third-rail circuit breaker that tripped at 3:06 p.m. on January 12;

g.  By failing to move Train 302 to a safe location (*e.g.*, back to the L'Enfant Plaza station) after it first encountered smoke in the tunnel;

h.  By failing to in a timely manner shut off electricity to the third rail in the relevant section of tunnel;

i.  By failing to in a timely manner inform FEMS that electricity had been shut off to the third rail in the relevant section of tunnel;

j.  By failing to in a timely manner evacuate Train 302 if and when it was determined that the train could or would not be moved and its cars were filling with smoke; and/or

k.  By otherwise negligently, carelessly, and wrongfully failing to take reasonable precautions to protect its passengers from injury and death.

34.  As a direct and proximate result of Defendant WMATA's negligence, Ms. Glover was trapped, helpless, in Train 302 for nearly forty-five minutes as it filled with smoke; during this time she fought, ever more agonizingly, to breathe as the smoke gradually sapped the life from her body.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

35.     As a further direct and proximate result of the Defendant WMATA's negligence, in her last minutes of life, Ms. Glover experienced severe physical pain, as well as excruciating mental anguish and fear of her impending death.

36.     As a further direct and proximate result of Defendant WMATA's negligence, Ms. Glover's estate lost the probable future earnings and other economic and non-economic damages recoverable under the applicable District of Columbia law.

37.     Under D.C. Code § 12-101, Ms. Glover's right of action for these injuries prior to her death survives in favor of her sons and co-personal representatives of her estate, Plaintiffs Marcus W. Glover and Anthony R. Glover.

<u>**COUNT II**</u>
**(Negligence: Wrongful Death)**

38.     Plaintiffs incorporate, by reference, paragraphs 1 through 37, above, and further allege that this claim arises under the District of Columbia Wrongful Death Statute, D.C. Code §§ 16-2701, *et seq.*

39.     Plaintiffs further allege that as a direct and proximate result of Defendant WMATA's negligence, Plaintiffs Marcus W. Glover and Anthony R. Glover, as next of kin to the decedent, incurred burial expenses and suffered a loss of financial support; a loss of the pecuniary value of services expected to be performed by Decedent; a loss of parental care, guidance, education, training, and advice; and claim any additional losses and all damages recoverable under the statute.

WHEREFORE, Plaintiffs Marcus W. Glover and Anthony R. Glover, Individually, as the sons of Carol Inman Glover, Deceased, and as the duly-appointed Personal Representatives of the Estate of Carol Inman Glover, Deceased, demand judgment against Defendant WMATA in the full and just amount of Fifty Million Dollars ($50,000,000.00), plus interest and costs.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

REGAN ZAMBRI LONG


By: /s/ *Patrick M. Regan*
      Patrick M. Regan          #336107
      pregan@reganfirm.com
      Salvatore J. Zambri       #439016
      szambri@reganfirm.com
      Paul J. Cornoni           #489398
      pcornoni@reganfirm.com
      Christopher J. Regan      #1018148
      cregan@reganfirm.com
      1919 M Street NW, Suite 350
      Washington, DC  20036
      PH:  (202) 463-3030
      FX:  (202) 463-0667
      *Counsel for Plaintiffs*